THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALLEN BARBER, Appellant.

*Assault — resisting arrest — sufficiency of the indictment and evidence.*

What form of indictment sufficiently sets forth the offense of assault in the second degree, under section 218 of the Penal Code, committed with the intent to prevent and resist the execution of a lawful mandate of a court, and to prevent lawful apprehension.

A conviction under such an indictment is warranted, when the evidence shows that the defendant was committing an offense under section 448 of the Penal Code, by disturbing a lawful meeting, that the person who arrested the defendant and who was assaulted by him was a constable, in whose presence the defendant's offense was committed, and who, under section 177 of the Code of Criminal Procedure, had authority to arrest the defendant for such offense without a warrant.

APPEAL by the defendant, Allen Barber, from a judgment of the Court of Sessions of Franklin county, rendered upon a verdict convicting the defendant of the crime of assault in the second degree, and entered in the office of the clerk of that county on the 7th day of June, 1893, and also from an order denying the defendant's motion for a new trial made upon the minutes.

The indictment upon which the defendant was tried and convicted was as follows:

"The Grand Jury of the County of Franklin, by this indictment, accuse Allen Barber of the crime of assault in the second degree, committed as follows:

"The said Allen Barber on the 7th day of March, 1893, at the town of Dickinson, in this county, did feloniously and with *intent* to resist a lawful mandate of a court and *to prevent the apprehension* of the said Allen Barber by an officer, to wit: James Sabin, a con-

stable of the said town of Dickinson, assault the said James Sabin, a constable aforesaid, while he was in the act of *lawfully apprehending* and arresting the said Allen Barber, by striking said Sabin with his fist, against the form of the statute in such case made and provided and against the peace of the People of the State of New York and their dignity."

The defendant attacked the indictment on the following grounds, among others :

" The facts stated in the indictment do not constitute a crime, and the indictment is fatally defective in that it purports to charge the resistance of a lawful mandate of a court, and does not charge resisting the *execution* of a lawful mandate of a court; neither does it state that the court out of which the mandate issued was of competent jurisdiction, which is necessary (Penal Code, secs. 218 and 457); nor the nature or substance of the mandate; nor state facts sufficient to show that the mandate was lawful. The lawfulness of the mandate is a mere conclusion and must be supported by facts set forth in the indictment."

And " that the indictment seeks to charge two crimes : 1. The crime of assault with intent to resist the lawful mandate of a court. 2. An assault with intent to prevent the lawful apprehension of the defendant."

Section 218 of the Penal Code provides that " A person who * * * assaults another with intent * * * to prevent or resist the execution of any lawful process or mandate of any court or officer, or the lawful apprehension or detention of himself, or of any other person, is guilty of an assault in the second degree."

Section 448 of the same Code is as follows : " A person who, without authority of law, willfully disturbs any assembly or meeting, not unlawful in its character, is guilty of a misdemeanor."

*R. M. Moore*, for the appellant.

*Frederick G. Paddock, District Attorney*, for the respondent.

HERRICK, J. :

It seems to me that the indictment sufficiently sets forth an offense under section 218 of the Penal Code. The evidence shows that the

·defendant was committing an offense under section 448 of the Penal Code. The person who made the arrest, and whom the defendant assaulted, was a constable, and the defendant's offense was committed in his presence.

Under section 177 of the Code of Criminal Procedure a constable had authority to arrest him for such offense without a warrant.

The judgment should, therefore, be affirmed.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment of conviction affirmed.